UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIAN MARTINEZ VALENCIA,

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

No.  1:26-cv-00563-DAD-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The undisputed record in this case demonstrates that petitioner was released by the government on April 17, 2018, premised upon either an explicit or implicit finding that he was not dangerous or a flight risk.  There is no evidence in the record that petitioner committed any crimes or failed to materially comply with any conditions of release.  Nor is petitioner subject to a final order of removal.  Considering these factors, and consistent with the court's reasoning and ruling in Chavarria v. Chestnut, No. 1:25-CV-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), the court finds that petitioner's Fifth Amendment right to procedural due process was violated by his redetention.

/////

1

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's application for a writ of habeas corpus be granted on count one.[1]

2.  Petitioner be released immediately from the respondents' custody with the same conditions he was subject to immediately prior to his redetention on January 3, 2026.

3.  At the time of release, respondents be required to return all of petitioner's documents and possessions.

4.  Respondents shall not impose any additional restriction on him unless that is determined to be necessary at a future pre-deprivation/custody hearing.

5.  If the government seeks to redetain petitioner, it must provide no less than 7 days of notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter at which petitioner's eligibility for bond must be considered and where the Government shall bear the burden of proving by clear and convincing evidence that petitioner poses a danger to the community or a flight risk.

6.  Respondents be directed to file a notice of compliance with the provisions of any order entered in this case.

7.  The Clerk of Court be directed to enter judgment for petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties

////

////

---

[1] In the interests of judicial economy, any remaining claims in the § 2241 petition are not addressed herein.

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 23, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3