UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN MARTINEZ VALENCIA,<br><br>Plaintiff,<br><br>v.<br><br>KRISTI NOEM,<br><br>Defendant. | No.  1:26-cv-00563-DAD-SCR<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 10) |

Petitioner is a federal immigration detainee proceeding through counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 23, 2026, the assigned magistrate judge issued findings and recommendations that petitioner's writ of habeas corpus (Doc. No. 1) be granted.  Specifically, the assigned magistrate judge found that, pursuant to the court's reasoning and ruling in *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC (HC), 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), petitioner's Fifth Amendment right to procedural due process was violated by his recent re-detention.  (Doc. No. 10 at 1.)  The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service.  (*Id.* at 2.)

1

On March 1, 2026, respondents filed their objections to the pending findings and recommendations. (Doc. No. 11.) Respondents object therein on the following grounds: (1) respondents argue that petitioner's detention is governed by 8 U.S.C. § 1225(b) not 8 U.S.C. § 1226(a); (2) respondents argue that pursuant to the decision in *Barrera-Echavarria v. Rison*, 44 F.3d 1441 (9th Cir. 1995) (en banc), *superseded by statute as stated in Xi v. I.N.S.*, 298 F.3d 832, 837–38 (9th Cir. 2002) the government has not violated petitioner's due process rights; and (3) respondents object to the recommended relief. (*Id.* at 1–4.)

With regard to respondents' first objection that petitioner's detention is governed by § 1225(b), the magistrate judge's findings and recommendations analyze petitioner's first claim, that his parole revocation without notice or a hearing was unlawful and in violation of the Fifth Amendment Due Process Clause. (Doc. Nos. 1 at ¶¶ 43–48; 10 at 1–2.) Petitioner did not bring a claim for relief pursuant to the Immigration and Nationality Act. (*See* Doc. No. 1.) Respondents do not explain how the detention authority would change the magistrate judge's constitutional analysis under the Fifth Amendment Due Process Clause. The court concludes that respondents' objection in this regard is misguided and provides no basis on which to decline adopting the pending findings and recommendations.

With regard to respondents' second objection that petitioner's detention is lawful because statutorily authorized indefinite detention does not violate due process pursuant to the reasoning of the Ninth Circuit in in *Barrera-Echavarria*, the court finds analogous and persuasive the reasoning in *R.A.N.O. v. Wofford*, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507, at *3 (E.D. Cal. Jan. 6, 2026), where the court found that *Barrera-Echavarria* is inapplicable to noncitizens like petitioner, who have been paroled into the United States and maintain their due process rights to challenge their re-detention. The court further notes that because the court in *Barrera-Echavarria* relied on a statute that no longer governs, courts are bound by the Supreme Court's interpretation of the now-applicable statute, 8 U.S.C. § 1231(a). *Xi*, 298 F.3d at 837. The Supreme Court's interpretation of § 1231(a)(6) is clearly at odds with respondents' proposed argument that statutorily authorized indefinite detention does violate due process. As the Supreme Court has stated:

> A statute permitting indefinite detention of an alien would raise a serious constitutional problem. The Fifth Amendment's Due Process Clause forbids the Government to "depriv[e]" any "person . . . of . . . liberty . . . without due process of law." Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.

*Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (in the context of detention pursuant to § 1231(a)(6)). As explained in *R.A.N.O.*, respondents' argument is not grounded in the current law applicable to petitioner, and the court therefore rejects this objection as well.

With regard to respondents' third objection to the recommended relief, respondents argue that even if petitioner's detention is discretionary pursuant to § 1226(a), it remains lawful and petitioner is not entitled to immediate release. (Doc. No. 11 at 3.) The court incorporates its reasoning in *Chavarria*, in which the court determined that because the petitioner was unlawfully re-detained additional procedural safeguards, such as notice and a pre-detention hearing, are appropriately imposed to ensure that any future detention is lawful. 2025 WL 3533606 at *4.

Respondents also object to a requirement that petitioner be provided a pre-detention hearing where respondents bear the burden to show that respondent is a danger to the community or a flight risk. (Doc. No. 11 at 3–4.) The court finds analogous and persuasive its reasoning in *N.D.N. v. Bondi*, No. 1:25-cv-01587-DAD-CKD (HC), 2025 WL 3251102 (E.D. Cal. Nov. 21, 2025), in which the court found that the *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) factors weighed in favor of requiring a pre-deprivation hearing because the petitioner had a strong liberty interest in remaining out of custody, such a hearing would meaningful reduce any risk of erroneous deprivation, and the government's burden in providing such a procedure was minimal, and hereby incorporates that reasoning here. For all of the reasons stated herein, the court therefore rejects respondents' third objection.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

/////

/////

3

For the reasons explained above,

1.    The findings and recommendations filed on February 23, 2026 (Doc. No. 10) are ADOPTED IN FULL;

2.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondents are ORDERED to immediately release petitioner from respondent's custody with the same conditions that he was subject to prior to his re-detention on January 3, 2026;

    b.    At the time of release, respondents are REQUIRED to return all of petitioner's documents and possessions in their custody and control;

    c.    Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless they provide petitioner with written notice before a pre-deprivation bond hearing to be convened by a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community;

    d.    Respondents are DIRECTED to file a notice of compliance with the provisions of this order; and

3.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **March 9, 2026**

_____

DALE A. DROZD

UNITED STATES DISTRICT JUDGE

4